IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-01270-WYD-CBS

VALERIE AREND,

    Plaintiff,

v.

OFFICER HECTOR PAEZ, Denver Police Department, in his personal capacity,

    Defendant.

**ORDER**

I.    <u>INTRODUCTION AND FACTUAL BACKGROUND</u>

THIS MATTER is before the Court on Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability or in the Alternative to Stay Until the Issue of Collateral Estoppel can be Determined (ECF No. 46).  Based on my review of the pleadings and relevant record, I deny the motion for partial summary judgment without prejudice with leave to refile once there is a final judgment on the merits.  However, I grant the motion to administratively close this action.

Plaintiff Valerie Arend asserts a claim pursuant to 42 U.S.C. § 1983 for unlawful seizure, excessive force and cruel and unusual punishment based on an incident occurring on May 16, 2010.  According to the Complaint, Defendant Hector Paez, a Denver Police Officer, contacted Plaintiff while he was on duty and in uniform and informed her that she had an outstanding arrest warrant.  There was no such warrant.  Paez then handcuffed Plaintiff and placed her in the back of his patrol vehicle.  Paez

stopped his vehicle in a remote location and sexually assaulted Plaintiff. Paez then forced Plaintiff out of the patrol car onto the street.

Plaintiff reported the kidnaping and assault to the Denver Police Department Internal Affairs Division. Paez was charged with second degree kidnaping, sexual assault and attempt to influence a public servant. Following a jury trial in Denver District Court, Paez was convicted of sexual assault and kidnaping. Paez appealed his conviction, which is currently pending before the Colorado Court of Appeals.

In the pending motion for partial summary judgment, Plaintiff moves for judgment against Paez on the issue of liability arguing that the facts determined in the prior criminal prosecution should be given preclusive effect in the instant action.

II.   STANDARD OF REVIEW

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm'n. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (internal quotation marks omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v.*

*Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

III. <u>DISCUSSION</u>

The doctrine of collateral estoppel, sometimes referred to as issue preclusion, provides that a court's final decision on an issue actually litigated and decided in a previous suit is conclusive of that issue in a subsequent suit. *Carpenter v. Young*, 773 P.2d 561, 565 (Colo. 1989). Application of this doctrine is "intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication." *Bebo Const. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84 (Colo. 1999).

To determine whether collateral estoppel applies to Plaintiff's claim against Paez, I must apply Colorado law. *See In re Young*, 91 F.3d 1367, 1374 (10th Cir. 1996) ("in determining the collateral estoppel effect of a state court judgment, federal courts must . . . apply the state's law of collateral estoppel"). Thus, under Colorado law, collateral estoppel bars relitigation of an issue if

> (1) the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) There was a final judgment on the merits in the prior proceeding; (4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*Michaelson v. Michaelson*, 884 P.2d 695, 700-01 (Colo. 1994). Collateral estoppel is an affirmative defense, thus Plaintiff bears the burden of proof of establishing these four elements. *Bebo Const. Co.*, 990 P.2d at 85.

In response to the motion for partial summary judgment, Paez argues that the

fourth element necessary for collateral estoppel has not been satisfied because there has not been a final judgment on the merits. In *Rantz v. Kaufman*, 109 P.3d 132, 141 (Colo. 2005), the Colorado Supreme Court held that "for the purposes of issue preclusion, a judgment that is still pending on appeal is not final" and further overruled a "line of court of appeals cases to the extent they hold to the contrary." *Id.* Here, it is undisputed that following a jury trial, Paez was convicted of kidnaping and sexually assaulting Plaintiff. On May 22, 2013, Paez filed his Notice of Appeal, which is currently pending before the Colorado Court of Appeals. I agree with Paez. Due to the pendency of the appeal, the judgment of conviction is not final, and thus has no preclusive effect. Accordingly, Plaintiff's motion for partial summary judgment is denied without prejudice with leave to refile once there has been a final judgment on the merits.[1]

However, because determination of this matter may hinge on the outcome of Paez's appeal, in the interest of efficiency and to prevent unnecessary duplicative litigation of factual issues, all deadlines in this case are stayed and it will be administratively closed until Paez's state court appeal (and the full panoply of rights associated with the appeal) is concluded. D.C.COLO.LCivR 41.2. Within 21 days of the final resolution of all legal issues concerning Paez's conviction and appeal, either party may move to reopen this case.

---

[1] I note that should Plaintiff wish to refile this motion once there has been a final judgment on the merits, I remind her that she has the burden of proving each and every element of the collateral estoppel analysis including establishing that the underlying proceeding adequately addressed each element of her civil claims asserted in this case.

IV.  CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability or in the Alternative to Stay Until the Issue of Collateral Estoppel can be Determined (ECF No. 46) is **GRANTED IN PART AND DENIED IN PART.**  The motion for partial summary judgment is **DENIED WITHOUT PREJUDICE** with leave to refile once all legal issues concerning Paez's conviction and appeal are resolved.  It is

FURTHER ORDERED that since the length of such appeals process is unknown, the motion to administratively close the case is **GRANTED.**  All deadlines in this case are stayed, and it shall be administratively closed until Paez's state court appeal is concluded pursuant to D.C.COLO.LCivR 41.2.  Within 21 days of the final resolution of all legal issues concerning Paez's conviction and appeal, either party may move to reopen this case.

Dated:  February 20, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge